OPINION
{¶ 1} Appellant, Tyrone V. Berry ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas denying his motions seeking to vacate or set aside the sentence imposed on him.
 {¶ 2} On August 29, 1996, appellant was indicted by the Franklin County Grand Jury on three counts of aggravated murder, one count of aggravated robbery, one count *Page 2 
of aggravated burglary, one count of kidnapping, and one count of having a weapon while under a disability, all with specifications. In the first trial, the court convicted appellant on the charge of having a weapon while under a disability, but the jury was unable to reach a verdict on the remaining charges. The trial court sentenced appellant to three years of incarceration, plus three years for the firearm specification, on the charge of having a weapon while under a disability.
 {¶ 3} After a retrial before a three-judge panel, appellant was convicted on all of the remaining charges. The trial court imposed a sentence of 30 years to life on the aggravated murder counts, which the trial court stated was to be "actual" incarceration, plus sentences of 10 to 25 years on each of the three remaining counts, plus a single term of three years for the firearm specifications. During the sentencing hearing, the court stated that its intention was to impose a sentence of 63 years total.
 {¶ 4} On appeal, we affirmed appellant's convictions. State v.Berry (June 29, 1999), 10th Dist. No. 97AP-964. However, we remanded the case for resentencing because we concluded there was a discrepancy between the sentence announced by the trial court at the sentencing hearing and the sentence set forth in the court's sentencing entry, and because the trial court had improperly imposed separate three-year sentences for two of the firearm specifications. Id.
 {¶ 5} On November 17, 1999, the trial court filed an amended judgment entry stating it was being issued pursuant to our remand. The entry made it clear that only one three-year term was being imposed for the firearm specifications. The trial court also ordered that the 10 to 25-year sentences on the aggravated robbery, aggravated burglary, and kidnapping counts be served consecutively to each other, but concurrently *Page 3 
with the sentence of 30 years to life for the aggravated murder charges. The court stated that the sentence of 30 years to life was to be "actual" incarceration.
 {¶ 6} On October 15, 2004, the state filed a motion seeking a resentencing hearing for the purpose of correcting an illegal sentence. The state argued that because the sentencing entry did not impose a sentence of 30 "full" years to life, the Ohio Department of Rehabilitation and Correction ("ODRC") was treating appellant as if he were eligible to receive good time credit that would allow him to be considered for parole prior to completion of his sentence. The state argued that under the sentencing statutes in effect at the time appellant committed his crimes, appellant was required to serve 30 full years on the aggravated murder counts, plus three years for the firearm specifications, before he could be considered for parole. The state further argued that the court's omission of the word "full" from its sentencing entry rendered the sentence void.
 {¶ 7} On October 18, 2004, the trial court signed an entry allowing appellate counsel, Randall L. Stephan, to withdraw from further representation of appellant, and appointing the Public Defender's office as counsel. The certificate of service states that the entry was sent by regular mail to appellant at Ross Correctional Institute and to the Franklin County Prosecutor's office. There is no indication that the Public Defender's office received the entry or entered an appearance in the case.
 {¶ 8} On September 27, 2005, the trial judge scheduled a new sentencing hearing to be held on October 12, 2005 before a three-judge panel including himself, Judges David Cain and Julie Lynch. The entry included a direction to the prosecuting attorney to prepare an entry to ensure that appellant would be present at the new sentencing hearing. On October 12, 2005, the trial court signed a criminal case *Page 4 
processing sheet continuing the resentencing hearing to a date some time in January or February 2006, to be determined after coordination with the other two judges on the panel.
 {¶ 9} On February 21, 2006, the court filed an amended judgment entry. The entry largely repeated the November 17, 1999 entry, save in the respect that it used the word "full" rather than "actual" in describing the 30 years to life sentence on the aggravated murder counts. Although the resentencing hearing had initially been set before a three-judge panel, the entry was not signed by Judges Cain and Lynch. Nothing in the entry reflects that the court held a hearing prior to issuing the amended judgment entry. The entry stated that copies were to be sent to Robert Suhr and Joe Landusky, who were appellant's trial counsel in the 1997 trial, but did not state that a copy was to be sent to either the Public Defender's office or to appellant.
 {¶ 10} On April 9, 2008, appellant filed a motion entitled "Motion to Vacate or Set Aside Sentence Pursuant to Rule 60(B)(4)(5) and (6)." On July 7, 2008, appellant filed a motion entitled "Motion to Void Judgment Pursuant to Civil R. 60(B)(4)(5) and (6)." The trial court considered appellant's motions as petitions seeking post-conviction relief pursuant to R.C. 2953.21. The court denied the petitions, finding: (1) the petitions were not timely filed; (2) the petitions were barred by the application of res judicata; and (3) appellant's claim that his conviction and sentence were unconstitutional under the Supreme Court of Ohio's decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624
("Colon I"), lacked merit.
 {¶ 11} Appellant filed this appeal, asserting two assignments of error: *Page 5 
 THE COURT ABUSE (sic) IT (sic) DISCRETION WHEN IT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DID NOT ALLOW THE APPELLANT TO BE PRESENT AT THE RE-SENTENCING HEARING WHERE THE APPELLANT COULD HAVE A RIGHT TO ALLUCATION (sic) CONTRARY TO OHIO CRIME (sic) R.43 AND RULE 32 A VIOLATION OF THE OHIO CONSTITUTION ARTICTE (sic) I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION AS WELL AS THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ONE OF PLAIN ERROR.
 THE APPELLANT WAS DENIED HIS RIGHTS GUARANTEED BY ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION, FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE STATE CONVICTED AND SENTENCED HIM VIA AN INDICTMENT THAT OMITTED AN ESSENTIAL MENS REA ELEMENT AND THE COURT ABUSED IT'S (sic) DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO VOID JUDGMENT WHICH SEEKED (sic) TO CORRECT THE STRUCTURAL ERROR.
 {¶ 12} Although appellant relied on Civ. R. 60(B) as the basis for his arguments before the trial court, the trial court appropriately recast the motions as petitions seeking post-conviction relief. State v.Schlee, 117 Ohio St.3d 153, 2008-Ohio-545. In addition, although appellant filed separate Civ. R. 60(B) motions, the trial court treated them as a single petition seeking post-conviction relief.
 {¶ 13} R.C. 2953.21(A)(2) requires that, except as provided in R.C. 2953.23, a petition seeking post-conviction relief must be filed within 180 days after the filing of the transcript in a direct appeal or, if no direct appeal is filed, within 180 days after the expiration of the time for filing a direct appeal.
 {¶ 14} R.C. 2953.23(A) provides, in relevant part, that:
 [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] or a *Page 6 
second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 (1) Both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 15} In this case, there is no question that appellant's motions were both filed more than 180 days after the expiration of the time for filing an appeal. Thus, the issue is whether appellant can satisfy both of the requirements set forth in R.C. 2953.23(A)(1).
 {¶ 16} Appellant asserted two separate bases for post-conviction relief: (1) a challenge to the amended sentencing entry issued by the court imposing a term of incarceration of 30 full years, and (2) a challenge asserting that the indictment was defective for failing to include a mental state for the charge of aggravated robbery.
 {¶ 17} As to appellant's claim regarding the alleged defective indictment, appellant cannot satisfy the requirement set forth in R.C. 2953.23(A)(1)(a). For this argument, appellant relies on the decision by the Supreme Court of Ohio in Colon I, in which the *Page 7 
court held that failure to include a mental state in an indictment charging robbery in violation of R.C. 2911.02(A)(2) constitutes structural error that cannot be waived by a defendant's failure to raise any objection to the indictment at the trial court level.
 {¶ 18} Appellant cannot establish that he was unavoidably prevented from discovering the factual basis for his claim that the indictment was defective because any defect existed on the face of the indictment. Although appellant may not have been aware until the Supreme Court decided Colon I that there may have been a legal basis to challenge the indictment, the factual basis nevertheless existed at the time the indictment was issued, and appellant cannot claim he was unaware of the indictment.
 {¶ 19} Nor can appellant establish the alternative means for satisfying R.C. 2953.23(A)(1)(a). Colon I was not a decision by the United States Supreme Court, and therefore did not constitute recognition by the United States Supreme Court of a new federal or state right that applies retroactively to persons in appellant's situation.
 {¶ 20} Furthermore, even if appellant had filed a timely post-conviction petition based on Colon I, such a petition would have failed on the merits. First, in a decision on an application for reconsideration of its decision in Colon I, the Supreme Court of Ohio made it clear that the decision in Colon I would not apply retroactively. State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749
("Colon II"). Thus, even if the reasoning behind Colon I applied to the indictments in appellant's case, that reasoning would not apply retroactively to appellant's indictment.
 {¶ 21} Second, the Colon I reasoning would not apply to the charges in appellant's indictment. The indictment charging appellant with aggravated robbery alleged that appellant had committed the offense by having a deadly weapon on or about his person *Page 8 
or under his control "and/or" inflicting or attempting to inflict serious physical harm. The indictment thus alleged, alternatively, violations of R.C. 2911.01(A)(1) or (A)(3). We have held that ColonI does not apply to indictments charging aggravated robbery in violation of R.C. 2911.01(A)(1) and, although we have not decided the issue ofColon I's applicability to indictments charging violations of R.C. 2911.01(A)(3), the use of alternative charging language makes ColonI inapplicable to the indictment in appellant's case. State v.Robertson, 10th Dist. No. 08AP-15, 2008-Ohio-6909.
 {¶ 22} As for appellant's claim that the trial court sentenced him to 30 full years to life on the aggravated murder counts outside of his presence, based on the record before us, it appears that the trial court did not hold a new sentencing hearing before issuing the amended sentencing entry due to the conclusion that it was not necessary to hold a new hearing because changing the word "actual" to "full" in the sentencing entry was merely the correction of a clerical error. However, there is no dispute and, in fact, the state concedes, that changing the wording of the entry had the effect of changing appellant's substantive sentence, based on ODRC's interpretation that the use of the word "actual" instead of "full" meant appellant was entitled to good time credit, thus making appellant's earliest date of consideration for parole significantly earlier than it should have been. Thus, the amended entry was more than the correction of a clerical error.
 {¶ 23} The state correctly points out that the failure to include a mandatory term rendered the sentence void. See State v. Simpkins,117 Ohio St.3d 420, 2008-Ohio-1197. However, the need to correct a void sentence does not alter the conclusion that the amended sentencing entry did not constitute the correction of a mere clerical error. *Page 9 
 {¶ 24} The issue remains, however, whether appellant has timely raised the issue for purposes of seeking post-conviction relief. Appellant's claim in this regard is not based on the recognition of a new federal or state right by the United States Supreme Court, as the right to be present for sentencing was recognized prior to the sentencing in this case and, therefore, should have been raised in a direct appeal. Thus, appellant can only satisfy R.C. 2953.23(A)(1)(a) if he was unavoidably prevented from discovering the factual basis upon which he must rely for relief.
 {¶ 25} In this case, it is at least arguable that appellant was unavoidably prevented from discovering the factual basis for his claim. The record shows that the amended entry was sent to appellant's previous trial counsel, who had not represented appellant since 1997, and not to the Public Defender's office, which the trial court had purported to appoint as counsel in the October 18, 2004 entry. Nor does it appear from the record that a copy was sent to appellant personally, which would have made appellant aware of the factual basis for which he now seeks relief.
 {¶ 26} The state argues that appellant admitted in his petition that he knew some time in April 2006 that his parole date had been changed, demonstrating that he was aware of the factual basis for his claim at that time, yet still waited approximately two more years before seeking post-conviction relief. However, although appellant's statement establishes that he knew ODRC had changed his parole date, it does not establish that appellant knew this change was the result of the trial court's issuance of the amended sentencing entry. Thus, appellant's statement does not alter the conclusion that he was at least arguably unavoidably prevented from discovering the factual basis for his claim for relief. *Page 10 
 {¶ 27} However, appellant cannot satisfy R.C. 2953.23(A)(1)(b). By its terms, the statute only allows extension of the 180-day period for filing a post-conviction petition where the petitioner is challenging the petitioner's convictions or is challenging the imposition of the death penalty. State v. Backus, 10th Dist. No. 06AP-813, 2007-Ohio-1815. In this case, because appellant's claim that he was sentenced without being present constitutes a challenge to a sentence other than the death penalty, there is no statutory provision that allows any extension of the period for filing a timely post-conviction petition. Thus, the proper remedy for appellant to challenge the sentence imposed in the court's amended sentencing entry would be through the filing of a motion seeking leave to file a delayed appeal, rather than a petition seeking post-conviction relief.
 {¶ 28} Because appellant cannot establish both of the grounds for extension of the time for filing a timely petition for post-conviction relief, the trial court did not err in dismissing appellant's petition. Thus, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
FRENCH, P.J., and KLATT, J., concur. *Page 1