[Cite as *State v. Agosto* , 2012-Ohio-4606.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98303**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JOSE AGOSTO, JR.

DEFENDANT-APPELLANT

# JUDGMENT:
# AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-455886

**BEFORE:** Sweeney, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**APPELLANT**

Jose Agosto, Jr., Pro Se
No. 493-626
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1} Defendant-appellant Jose Agosto, Jr. appeals from the trial court's decision that denied his motion to correct void sentence. For the reasons that follow, we affirm.

{¶2} On August 25, 2004, defendant was charged with aggravated murder (R.C. 2903.01); murder (R.C. 2903.02); and felonious assault (R.C. 2903.11) stemming from the death of Joseph Gerenday on or about August 12, 2004.

{¶3} Following a jury trial, defendant was found guilty of murder and felonious assault as charged in counts two and three of the indictment. The aggravated murder charge in count 1 of the indictment was nolled.

{¶4} On November 3, 2005, the trial court ordered defendant to serve a prison sentence of 15 years to life with eligibility for parole after 15 full years. The other aspects of defendant's sentence are not relevant to this appeal.

{¶5} On November 14, 2005, defendant filed an appeal and the judgment was affirmed by this court in *State v. Agosto*, 8th Dist. No. 87283, 2006-Ohio-5011. Defendant's motion to reopen the appeal was denied. The Ohio Supreme Court denied defendant leave to appeal. Defendant then filed motions to be re-sentenced and "to impose a lawful sentence" and both were denied.

{¶6} On February 27, 2012, defendant filed a motion to correct void sentence; the trial court's denial of which is the subject of the present appeal.

Assignment of Error I:

The trial court's failure to adhere to the mandatory provisions of former R.C. 2929.02(B) renders the attempted sentence void and has deprived the

Appellant of his State created liberty interest in being subject to no sentence other than an indefinite term of fifteen years to life in violation of Appellant's right to due process as guaranteed by the 14th Amendment to the United States Constitution, thus the trial court erred to the prejudice of Appellant by denying his motion to correct void sentence.

{¶7} Appellant alleges that he received a void sentence because the trial court ordered him to serve 15 "full years" before parole eligibility. He primarily relies on two cases in support: *State v. Harding*, 10th Dist. No. 10AP-370, 2011-Ohio-557 and *State v. Berry*, 10th Dist. No. 08AP-762, 2009-Ohio-1557. In both cases the Tenth District found that the trial court imposed a void sentence when it failed to indicate that the defendants had to serve "full years" before parole eligibility. In Harding's case, he had to serve a minimum term of 20 full years, while Berry's indefinite sentence required him to serve a minimum of 30 full years before parole eligibility. Stated differently, the defendants in each case were not entitled to receive good time credit that would allow them to be considered for parole prior to completion of the full minimum terms of their indefinite life sentences for aggravated murder. *Berry*, 2011-Ohio-1557, ¶ 23 ("The state correctly points out that the failure to include a mandatory term rendered the sentence void."); *Harding*, 2011-Ohio-557, ¶ 8 ("Appellant concedes that his original sentencing entry was contrary to law because it failed to specify that he was eligible for parole only after serving a full 20 years of imprisonment.")

{¶8} Unlike the circumstances in *Harding* and *Berry*, the trial court here imposed a valid sentence with regard to parole eligibility by sentencing defendant "to a prison term of 15 years to life * * * with eligibility for parole after 15 full years."

{¶9} The statutory penalties applicable at the time of defendant's offense and conviction for murder provided as follows:

> (B) Whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life, except that, if the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that were included in the indictment, count in the indictment, or information that charged the murder, the court shall impose upon the offender a term of life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code. In addition, the offender may be fined an amount fixed by the court, but not more than fifteen thousand dollars.

R.C. 2929.02(B).

{¶10} The law precludes defendant, who received an indefinite sentence of 15 years to life for the offense of murder, from earning good time credit for purposes of parole eligibility. R.C. 2967.13 provides:

> (A) Except as provided in division (G) of this section, a prisoner serving a sentence of imprisonment for life for an offense committed on or after July 1, 1996, is not entitled to any earned credit under section 2967.193 [2967.19.3] of the Revised Code and becomes eligible for parole as follows:
>
> (1) If a sentence of imprisonment for life was imposed for the offense of murder, at the expiration of the prisoner's minimum term * * *;

The minimum term of defendant's sentence is fifteen years. Because he is not entitled to good time credit as a matter of law, he must therefore serve fifteen full years before he will be eligible for parole. The cases defendant submits for our review support, rather than contradict, this conclusion. Accordingly, the trial court did not err by denying his motion to correct void sentence.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR