[Cite as *State v. Williams*, 2013-Ohio-3448.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2013CA00189 |
| AGATHA WILLIAMS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No. 2012CR0164

JUDGMENT:     Affirmed in part, Reversed in part, and
Remanded

DATE OF JUDGMENT ENTRY:     August 5, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO,                    BENJAMIN A. TRACY
PROSECUTING ATTORNEY,          TODD A. LONG
STARK COUNTY, OHIO               JAMES D. OWEN
                                              The Owen Firm, LLC
By: RONALD MARK CALDWELL     5354 North High Street
Assistant Prosecuting Attorney      Columbus, Ohio 43214
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1} Defendant-appellant Agatha Williams appeals the October 15, 2012 Judgment Entry entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Agatha Williams was admitted to the practice of law in Ohio in 1991. She practiced law for approximately twenty years.

{¶3} On February 10, 2012, Appellant entered a plea of guilty to four counts of grand theft, one count of theft and one count of forgery. The trial court sentenced Appellant to five years of community control, one year of which was to be intensive supervision probation. Appellant was fined $27,500.00 and ordered to pay restitution to each of her clients for the amounts stolen. Appellant was informed at sentencing a violation of her community control sanction would result in a maximum consecutive prison sentence being imposed on each offense for a total prison term of 102 months.

{¶4} On September 27, 2012, the Ohio Supreme Court Board of Commissioners on Grievances and Discipline held proceedings to determine whether Appellant should be permanently disbarred. Counsel for Relator called Appellant on cross examination, inquiring as to when Appellant had last left the State of Ohio. Appellant responded approximately a week prior to the hearing she had gone to Pittsburgh, Pennsylvania to gamble. Appellant's conduct in leaving the state to gamble violated the terms and conditions of her probation.

{¶5} Based upon Appellant's testimony before the Board of Commissioners on Grievances and Discipline, the state filed a motion to revoke Appellant's probation.

Appellant's counsel filed a motion in limine to suppress the testimony given at the disciplinary hearing. On September 26, 2012, the trial court held a hearing on the motion. Via Judgment Entry of September 27, 2012, the trial court denied the motion.

{¶6} Via Judgment Entry of October 15, 2012, the trial court revoked Appellant's probation and sentenced her to consecutive prison terms for a total of 102 months in prison.

{¶7} Appellant now appeals, assigning as error:

{¶8} "I. THE TRIAL COURT ERRED WHEN IT SENTENCED WILLIAMS TO CONSECUTIVE TERMS OF IMPRISONMENT WITHOUT FIRST MAKING THE REQUIRED FINDINGS SET FORTH IN OHIO REVISED CODE SECTION 2929.14(C)(4).

{¶9} "II. THE TRIAL COURT ERRED WHEN IT REFUSED TO EXCLUDE FROM EVIDENCE TESTIMONY COERCIVELY OBTAINED FROM WILLIAMS IN VIOLATION OF THE FIFTH AMENDMENT AND, BASED SOLELY ON THAT TESTIMONY, FOUND THAT SHE HAD VIOLATED HER PROBATION."

I.

{¶10} In the first assignment of error, Appellant maintains the trial court erred in failing to make the necessary findings prior to imposing consecutive sentences under R.C. 2929.14(C)(4). We agree.

{¶11} Initially, Appellant questions when her sentence was actually imposed whether at the initial sentencing hearing when the court imposed community control and reserved imposition of the particular prison term upon revocation or whether at the subsequent hearing upon revocation.

**{¶12}** In *State v. Nistelback,* 10th Dist. No. 11AP 874, 2012-Ohio-1764, citing *State v. Brooks* 103 Ohio St.3d 134, 2004-Ohio-4746, the Tenth District examined the issue and held the prison term is not imposed until the subsequent revocation hearing. The court stated,

**{¶13}** "Both *Brooks* and R.C. 2929.19(B)(5) refer to 'the specific prison term that may be imposed.' This choice of words implies that the prison term has not actually been imposed yet, but will be imposed upon revocation of community control. If the prison term has not been imposed yet, this is 'not already imposed' for purposes of R.C. 1.58(B).

**{¶14}** "Because the prison term had not already been imposed at the time of Nistelbeck's revocation hearing, he is entitled to the benefit of the legislature's reduction of his potential sentence for abduction."

**{¶15}** We agree with the Tenth District Court of Appeals. We find the sentence herein was not imposed until the revocation of Appellant's probation and the imposition of consecutive sentences thereafter.

**{¶16}** O.R.C. 2929.14(C) reads,

**{¶17}** "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶18}** "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶19}** "(b) The harm caused by the multiple offenses was so great or unusual that no single prison terms for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

**{¶20}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶21}** In 2003, the Ohio Supreme Court held in *State v. Comer,* 99 Ohio St.3d 463, 2003–Ohio–4165, a court may not impose consecutive sentences unless it "finds" three statutory factors enumerated in then 2929.14(E)(4). The statutory factors were the same as those now enumerated in the revised version of R.C. 2929.14(C)(4) following enactment of H.B. 86. The revised version of the statute again requires the trial court to "find" the factors enumerated.

**{¶22}** The Court in *Comer, supra,* read R.C. 2929.14(E)(4), as it existed then, in conjunction with then R.C. 2929.19(B), to reach its conclusion the trial court must also state its reasons for the sentence imposed. Then R.C. 2929.19(B) stated the trial court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances ... (c) if it imposes consecutive sentences under R.C. 2929.14."

{¶23} 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences.

{¶24} The trial court must therefore make the required findings in compliance with *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165. We have consistently stated the record must clearly demonstrate consecutive sentences are not only appropriate, but are also clearly supported by the record. See, *State v. Fauntleroy,* 5th Dist. No. CT2012–0001, 2012–Ohio–4955; *State v. Bonnell,* 5th Dist. No. 12CAA3022, 2012–Ohio–515.

{¶25} In other words, in reviewing the record we must be convinced the trial court imposed consecutive sentences because it had found consecutive sentences were necessary to protect the public or to punish the offender, they are not disproportionate to the seriousness of his conduct and the danger the offender poses to the public. In addition, in reviewing the record we must be convinced that the trial court found the offender's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime, or the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, or at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or

unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(C)(4).

{¶26} Here, the trial court stated on the record at the October 4, 2012 Sentencing Hearing:

{¶27} "Particularly does not happen when you're an attorney. My job is to fashion a sentence which will serve as a deterrent to this individual and to others, one that will protect the other citizens of the State of Ohio and one that will not demean the sentence of the offense which the person has pled guilty to or has been found guilty of.

{¶28} "Ms. Williams, I do find that revocation is the appropriate remedy in this case. In regard to each one of the felonies of the Fourth Degree, and there are five of them, the penalty is six to 18 months in whole months. I am sentencing you to an 18-month prison term on each one of those. Those will be run consecutively with each other which is a 90 month prison term.

{¶29} "In regards to the one F5 it would be punishable by a prison term of six to twelve months, I find that the appropriate remedy is the 12 months and that will also be run consecutively with the 90 months. And those together, that's 102 months.

{¶30} "You will be given credit for jail time served. You are required to pay the cost of these proceedings. All the precious findings are exactly the same. Restitution, $166,354.94, a fine of $27,500. Also I must advise you at the time that you complete your prison term the Adult Parole Authority will have the option to place you on a period of post-release control for up to three years."

{¶31} Tr. at 19-20

{¶32} Based upon the above, we do not find the trial court made all of the statutorily required findings necessary for the imposition of consecutive sentences.

{¶33} Appellant's first assignment of error is sustained and Appellant's sentence is reversed, and the matter remanded to the trial court for the limited purpose of resentencing.

II.

{¶34} In the second assignment of error, the State maintains the trial court erred in considering Appellant's statements to the Board of Commissioners on Grievances and Discipline in the revocation of Appellant's probation herein.

{¶35} As set forth in the Statement of the Facts and Case, supra, Appellant admitted in her disciplinary hearing to having left the State of Ohio to engage in gambling in violation of the terms of her probation. The statement was offered at the time in support of Appellant's argument she has a gambling addiction which should mitigate against any disciplinary sanction imposed, including disbarment.

{¶36} The state of Ohio filed a motion to revoke Appellant's probation based upon Appellant's statement. Appellant cites the United States Supreme Court decision in *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) arguing statements obtained under threat of job loss are unconstitutionally coerced and inadmissible in subsequent criminal proceedings. Under *Garrity*, the employee claiming coercion must have believed his or her statement was compelled on threat of job loss, and this belief must have been objectively reasonable. *State v. Graham*, Slip Opinion 2013-Ohio-2114.

{¶37} Here, Appellant did not make the statement under compulsion of job loss, but rather, as a defense in mitigation of the possibility of job loss. The statement was not compelled. Appellant could have asserted her Fifth Amendment rights at the disciplinary hearing and challenged the sanction, but failed to do so. Further, Appellant had already been found guilty of criminal wrong doing, and the statements were made as a defense why she had engaged in the wrongdoing. The statement itself did not serve to incriminate Appellant because the conduct itself was not criminal but rather a condition of probation. Accordingly, we find the trial court did not err in considering the statements during the revocation proceedings herein.

{¶38} The second assignment of error is overruled.

{¶39} The October 15, 2012 Judgment Entry entered by the Stark County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for the limited purpose of resentencing.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| AGATHA WILLIAMS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2013CA00189 |

For the reasons stated in our accompanying Opinion, the October 15, 2012 Judgment Entry entered by the Stark County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for the limited purpose of resentencing in accordance with our Opinion and the law.  Costs split equally.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY