[Cite as *State v. Troutt*, 2014-Ohio-1705.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2013-0042 |
| KENNETH D. TROUTT, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2012-0231 |
| JUDGMENT: | Vacated and Remanded |
| DATE OF JUDGMENT ENTRY: | April 17, 2014 |
| APPEARANCES: | |


| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| RON WELCH | WILLIAM T. CRAMER |
| Assistant Prosecuting Attorney | 470 Olde Worthington Rd, Suite 200 |
| 27 North Fifth Street | Westerville, Ohio 43082 |
| Zanesville, Ohio 43701 | |

*Hoffman, P.J.*

{¶1} Defendant-appellant Kenneth Troutt appeals his sentence entered by the Muskingum County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On June 17, 2013, Appellant entered a plea of guilty to one count of rape by force or threat of force, in violation of R.C. 2907.02(A)(2), and one count of kidnapping, in violation of R.C. 2905.01(A)(4), both felonies of the first degree.

{¶3} The trial court imposed a sentence of six years incarceration on the kidnapping charge and ten years incarceration on the rape charge, ordering the sentences to run consecutively for an aggregate term of sixteen years. The trial court further imposed a five year term of mandatory post-release control, and designated Appellant a Tier III sex offender with an obligation to register for life.

{¶4} Appellant assigns as error:

{¶5} "I. THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2929.14(C)(4) BY FAILING TO MAKE THE REQUISITE FINDINGS NECESSARY TO SUPPORT CONSECUTIVE SENTENCES."

I.

{¶6} O.R.C. 2929.14(C) reads,

{¶7} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶8}** "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶9}** "(b) The harm caused by the multiple offenses was so great or unusual that no single prison terms for any of the offenses committed as part of a single course of conduct adequately reflects' the seriousness of the offender's conduct.

**{¶10}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶11}** This Court recently addressed the requirements in imposing consecutive sentences in *State v. Williams,* Stark App. No. 2013CA00189, 2013-Ohio-3448,

**{¶12}** "In 2003, the Ohio Supreme Court held in *State v. Comer,* 99 Ohio St.3d 463, 2003–Ohio–4165, a court may not impose consecutive sentences unless it 'finds' three statutory factors enumerated in then 2929.14(E)(4). The statutory factors were the same as those now enumerated in the revised version of R.C. 2929.14(C)(4) following enactment of H.B. 86. The revised version of the statute again requires the trial court to "find" the factors enumerated.

**{¶13}** "The Court in *Comer, supra,* read R.C. 2929.14(E)(4), as it existed then, in conjunction with then R.C. 2929.19(B), to reach its conclusion the trial court must also state its reasons for the sentence imposed. Then R.C. 2929.19(B) stated the trial court

'shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances ... (c) if it imposes consecutive sentences under R.C. 2929.14.'

{¶14} "2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences.

{¶15} "The trial court must therefore make the required findings in compliance with *State v. Comer,* 99 Ohio St.3d 463, 2003–Ohio–4165. We have consistently stated the record must clearly demonstrate consecutive sentences are not only appropriate, but are also clearly supported by the record. See, *State v. Fauntleroy,* 5th Dist. No. CT2012–0001, 2012–Ohio–4955; *State v. Bonnell,* 5th Dist. No. 12CAA3022, 2012– Ohio–515.

{¶16} "In other words, in reviewing the record we must be convinced the trial court imposed consecutive sentences because it had found consecutive sentences were necessary to protect the public or to punish the offender, they are not disproportionate to the seriousness of his conduct and the danger the offender poses to the public. In addition, in reviewing the record we must be convinced that the trial court found the offender's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime, or the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the

Revised Code, or was under post-release control for a prior offense, or at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(C)(4)."

{¶17} At the sentencing hearing herein, the trial court stated on the record,

{¶18} "THE COURT: We are dealing with Count 2 and Count 4, Count 2, kidnapping, a felony of the first degree, Count 4, rape, as amended, without the [SIC] with the sexually violent offender specification, also a felony of the first degree. The state now has recommended a prison sense [SIC] of 22 years, and your attorney has, on your behalf, argued for an eight-year prison sentence.

{¶19} "***

{¶20} "You're a very dangerous man, Mr. Troutt.  You've done some really dangerous and bad things.  They are just bad things clearly.  Going through the presentence investigation, each point where there's a sexual conviction or finding, you seem to minimize it, your responsibility in it and make excuses for it.  This is your first felony.  What are you 22 years old?

{¶21} "THE COURT: First felony convictions.  That being said, your sentence on Count 2, kidnapping, will be six years in prison.  Your sentence on Count 4, rape, will be ten years in prison.  That is mandatory prison time.  Those two terms to run consecutively for an aggregate prison sentence of 16 years.  You will be ordered to pay court costs in this matter. You will be given credit for time served, 264 days. "

**{¶22}** Tr. at 16-17.

**{¶23}** The trial court's July 23, 2013 Sentencing Entry states,

**{¶24}** "The Court has considered the record, all statements, any victim impact statement, the presentence report prepared, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12."

**{¶25}** Upon review of the record, we do not find the trial court made the requisite findings necessary to support the imposition of consecutive sentences herein.

**{¶26}** Appellant's sentence in the Muskingum County Court of Common Pleas is therefore vacated, and the matter remanded for resentencing in accordance with the law and this opinion.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur