[Cite as *State v. McElfresh*, 2014-Ohio-2947.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-74 |
| | : | |
| RONALD L. MCELFRESH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 12-CR-00487

JUDGMENT:                    AFFIRMED IN PART, REVERSED IN
                             PART, AND REMANDED

DATE OF JUDGMENT ENTRY:      June 27, 2014

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

KENNETH W. OSWALT                      DENNIS W. McNAMARA
LICKING CO. PROSECUTOR                 88 East Broad St., Suite 1350
JUSTIN T. RADIC                        Columbus, OH 43215
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1}   Appellant Ronald L. McElfresh appeals from the June 11, 2013 Judgment Entry of the Licking County Court of Common Pleas.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   This case is related to but not consolidated with *State v. McElfresh*, 5th Dist. Licking No. 13-CA-73, which arose from Licking County Court of Common Pleas case number 12 CR 417.  In that case, appellant was granted "pretrial reporting bond," which means he was out of jail on bond as long as he complied with certain terms and conditions monitored by the Licking County Court of Common Pleas probation department.

{¶3}   One condition of appellant's pretrial bond required him to submit to drug testing.  On September 6, 2012, Officer Walter Barnes of the Licking County Court of Common Pleas probation department ordered appellant to submit to a drug test which tested positive for methamphetamines.  Appellant was therefore ordered to report to the probation department on September 10, 2012.

{¶4}   On that date, appellant called Barnes twice.  During the first call, he asked if he would be arrested for the bond violation and Barnes told him yes, there was a chance he would be arrested.  Appellant responded he would be dead before anyone could find him.

{¶5}   Appellant called back around 2:30 p.m., "agitated," and stated Barnes and probation officer Kelly Miller better not approach his vehicle in an attempt to arrest him or "they would be dead men."  Appellant further stated he knew where Barnes' and

Miller's families were. Barnes put the call on speaker phone, appellant repeated the threat, and was overheard by two other staff members of the probation department.

{¶6} Appellant admitted calling Barnes twice. He said he did threaten to take his own life because he did not want to return to court or jail, but denied threatening the officers. He stated he told them not to approach his vehicle if they pulled him over because "he didn't know what his frame of mind might be."

{¶7} Appellant was charged by indictment with one count of intimidation. He waived his right to trial by jury and the matter was heard by the trial court. Appellant was found guilty as charged and was sentenced to a prison term of two years, to be served consecutively to his prison term in case number 12 CR 00417.

{¶8} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9} "I. THE TRIAL JUDGE ERRED WHEN HE DID NOT VOLUNTARILY RECUSE HIMSELF FROM APPELLANT'S CASE."

{¶10} "II. THE TRIAL COURT ACTED CONTRARY TO LAW WHEN IT ORDERED THAT THE SENTENCES IMPOSED IN APPELLANT'S TWO CASES BE SERVED CONSECUTIVELY."

**ANALYSIS**

I.

{¶11} In his first assignment of error, appellant argues the trial court erred by not voluntarily recusing himself from appellant's case because the victim was a court employee. We disagree.

{¶12} The Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. *State v. DeMastry*, 155 Ohio App.3d 110, 2003-Ohio-5588, 799 N.E.2d 229, ¶ 79 (5th Dist.), citing *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2nd Dist.1995). Common pleas litigants must challenge a trial judge's objectivity by using the procedure set forth in R.C. 2701.03. Id., citing *In re Baby Boy Eddy*, 5th Dist. Fairfield No. 99 CA22, unreported, 2000 WL 1410 (Dec. 6, 1999). Because only the Chief Justice or his designee may hear a disqualification matter, a court of appeals is without authority to void the judgment of a trial court because of bias or prejudice of the judge. Id., citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441–42, 377 N.E.2d 775 (1978).

{¶13} The record in the instant case is devoid of any request for recusal made pursuant to R.C. 2701.03.  Appellant may not now claim error in the trial court's refusal to recuse himself.  *State v. Martz*, 5th Dist. Guernsey No. 96-CA-9, unreported, 1998 WL 429613, *2 (July 2, 1998), appeal not allowed, 84 Ohio St.3d 1408, 701 N.E.2d 1019 (1998).

{¶14} Appellant's first assignment of error is overruled.

II.

{¶15} In his second assignment of error, appellant argues the trial court erred in imposing the instant sentence consecutively to the sentence imposed in the earlier criminal case, absent statutorily-required findings.  We agree.

{¶16} O.R.C. 2929.14(C) states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender

to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) The harm caused by the multiple offenses was so great or unusual that no single prison terms for any of the offenses committed as part of a single course of conduct adequately reflects' the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences.

{¶18} We have previously found the import of these revisions is the trial court must, again, make the required findings in compliance with *State v. Comer*, 99 Ohio St.3d 463, 2003–Ohio–4165; in other words, the findings must be made on the record at the sentencing hearing prior to imposition of consecutive sentences. *State v. Troutt*, 5th Dist. Muskingum No. CT2013-0042, 2014-Ohio-1705, ¶ 14, citing *State v. Williams*, 5th Dist. Stark No. 2013CA00189, 2013-Ohio-3448; *State v. Reynolds*, 5th Dist. Fairfield No. 12 CA 7, 2012-Ohio-5956, ¶ 15, appeal not allowed, 135 Ohio St.3d1415, 2013-Ohio-1622, 986 N.E.2d 30.[1]   See also, *State v. Bever*, 4th Dist. Washington No. 31CA21, 2014-Ohio-600, ¶ 22; *State v. Wilson*, 8th Dist. Cuyahoga No. 97827, 2012-Ohio-4159, ¶ 13; *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶25.

{¶19} We note this issue is presently before the Supreme Court of Ohio in *State v. Bonnell,* Supreme Court Case No. 2013–0167, on appeal from *State v. Bonnell,* 5th Dist. Delaware No. 12CAA030022, 2012–Ohio–5150. *Bonnell* was accepted for appeal by the Supreme Court on April 24, 2013, and oral arguments were held on January 7, 2014. The issue accepted for review in *Bonnell* is whether a trial court must expressly

---

[1] Other districts have found the trial court is not required to explicitly set forth its findings on the record at the sentencing hearing.  *State v. Just*, 9th Dist. Wayne No. 12CA0002, ¶ 49 ["The General Assembly…excised the statutory subdivision requiring a trial court to explicitly set forth those findings in imposing its sentence."]; *State v. Alexander*, 1st Dist. Hamilton Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 17 ["Because a trial court speaks only through its journal, we have long approved the use of a sentence-finding worksheet to document that the trial court has made the required findings."]; *State v. Slaughter*, 2nd Dist. Montgomery No. 25215, 2014-Ohio-862, ¶ 30 [concurring with *Just*, supra]; *State v. Stairhime*, 3rd Dist. Defiance No. 4-13-06, 2014-Ohio-1791, ¶ 58 [finding trial court's language at sentencing hearing and in journal entry combine to make sufficient findings].

make the findings required in R.C. 2929.14, give the reasons supporting those findings at the time of sentencing, and include said findings in its subsequent judgment entry.

{¶20} The record must clearly demonstrate consecutive sentences are not only appropriate, but are also clearly supported by the record. *State v. Conrad*, 5th Dist. Fairfield No. 13 CA 18, 2014–Ohio–1757, ¶ 22.

{¶21} We have specified the findings now required for imposition of consecutive sentences:

> In other words, in reviewing the record we must be convinced the trial court imposed consecutive sentences because it had found consecutive sentences were necessary to protect the public or to punish the offender, they are not disproportionate to the seriousness of his conduct and the danger the offender poses to the public. In addition, in reviewing the record we must be convinced that the trial court found the offender's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime, or the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, or at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(C)(4).

*State v. Williams*, 5th Dist. Stark No. 2013CA00189, 2013-Ohio-3448, ¶ 25.

{¶22} In this case, on the record at the sentencing hearing, the trial court stated the following regarding imposition of consecutive sentences:

* * * *.

THE COURT: Thank you very much.

Anyone else have anything they would like to say before the Court would impose any kind of sentence here today?

Well, Mr. McElfresh, the Court's considered the purposes and principles of sentencing set out under Section 2929.11, as well as the seriousness and recidivism factors set out under Section 2929.12.

And I don't discount anything you've said today, and I—you know, I believe you believe what you're saying is true, but –

[APPELLANT:] Please don't give me no more time.

THE COURT: I'm required to do so, and I will do so, and I'll impose a two-year sentence here today on the intimidation count. I'll order it to run consecutively with the first count, once again, finding it's necessary to protect the public, punish the [appellant] on the basis of your criminal history.

* * * *.

{¶23} The trial court's June 11, 2013 Judgment Entry of sentence states in pertinent part in reference to consecutive sentences:

* * * *.

It is, therefore, ordered that the Defendant serve a stated prison term of two (2) years at the Orient Reception Center. This sentence is ordered to run consecutively to the sentence imposed in Licking County Court of Common Pleas Case No. 12 CR 00417. The Court has decided that the offender shall serve the prison terms consecutively, pursuant to R.C. 2929.14(C)(4), because the Court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the Court also finds the following:

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

* * * *.

{¶24} Upon review of the record, we find the trial court did not make the requisite findings necessary to support the imposition of consecutive sentences on the record at the sentencing hearing. Appellant's second assignment of error is therefore sustained,

his sentence in the instant case is vacated, and the matter is remanded for resentencing in accordance with this opinion.

## CONCLUSION

{¶25} Appellant's first assignment of error is overruled and his second assignment of error is sustained. This matter is therefore affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

By: Delaney, J. and

Hoffman, P.J.

Wise, J., concur.