[Cite as *State v. Williams*, 2018-Ohio-3458.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                       |   | JUDGES:                       |
|-----------------------|---|-------------------------------|
| STATE OF OHIO         | : | Hon. W. Scott Gwin, P.J.      |
|                       | : | Hon. William B. Hoffman, J.   |
| Plaintiff-Appellee    | : | Hon. Earle E. Wise, J.        |
|                       | : |                               |
| -vs-                  | : |                               |
|                       | : | Case No. 2018CA00060          |
| AGATHA MARTIN WILLIAMS | : |                              |
|                       | : |                               |
| Defendant-Appellant   | : | OPINION                       |


CHARACTER OF PROCEEDING:    Criminal appeal from the Stark County
                            Court of Common Pleas, Case No.2012-
                            CR-0164



JUDGMENT:                   Affirmed



DATE OF JUDGMENT ENTRY:     August 27, 2018



APPEARANCES:



For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     AGATHA MARTIN WILLIAMS
Stark County Prosecutor             #W-085056
BY: RONALD MARK CALDWELL            Northeast Reintegration Center
110 Central Plaza South, 5th Floor  2675 East 30th Street
Canton, OH 44702                    Cleveland, OH 44115

*Gwin, P.J.*

{¶1} Appellant Agatha Martin Williams appeals the April 19, 2018 judgment entry of the Stark County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} In 2012, appellant waived her right to be charged by indictment and agreed to plead guilty to multiple charges contained in a bill of information. On February 10, 2012, appellant entered a plea of guilty to four counts of grand theft, one count of theft, and one count of forgery. The trial court sentenced appellant to five years of community control, one year of which was to be intensive supervision probation. The trial court informed appellant at sentencing that a violation of her community control sanction would result in a maximum consecutive prison sentence imposed on each offense, for a total prison term of 102 months.

{¶3} On September 27, 2012, the Ohio Supreme Court Board of Commissioners on Grievances and Discipline held proceedings to determine whether appellant should be permanently disbarred from the practice of law. Counsel for Relator called appellant on cross examination, inquiring as to when appellant had last left the State of Ohio. Appellant responded that she had gone to Pittsburgh, Pennsylvania to gamble approximately one week prior to the hearing. Her conduct in leaving the state to gamble violated the terms and conditions of her community control.

{¶4} Based on the testimony before the Board of Commissioners on Grievances and Discipline, the State filed a motion to remove her probation. Multiple hearings were held on the motion to revoke. At a hearing on October 4, 2012, the trial court granted the motion to revoke probation. The trial court then sentenced appellant to 18 months in

prison on each of the four counts of grand theft, 18 months in prison for the one count of forgery, and 12 months in prison for the one count of theft. Appellant was ordered to serve her sentences consecutively for a total prison term of 102 months.

{¶5} Appellant filed an appeal of the sentencing entry. In *State v. Williams*, 5th Dist. Stark No. 2013CA00189, 2013-Ohio-3448, we sustained appellant's first assignment of error and found the trial court erred when it failed to make the necessary findings prior to imposing consecutive sentences, but overruled her other assignment of error. We remanded to the trial court "for the limited purpose of resentencing." *Id.* The Ohio Supreme Court declined to accept appellant's appeal for review in *State v. Williams*, 137 Ohio St.3d 1442, 2013-Ohio-5678, 999 N.E.2d 696. The U.S. Supreme Court denied a petition of writ of certiorari in *State v. Williams*, -- U.S. --, 134 S.Ct. 2294, 189 L.Ed.2d 180 (2014).

{¶6} Appellant filed a petition for habeas corpus in the U.S. District Court for the Southern District of Ohio. The Southern District transferred the case to the Northern District. Appellant argued the trial court denied her due process of law. The federal court dismissed her petition. *Williams v. Kelly*, N.D. Ohio No. 5:14-CV-1304, 2015 WL 10527279, *report and recommendation adopted in part sub. nom. Williams v. Burkes*, N.D. Ohio No. 5:14-CV-1304, 2016 WL 1089396, and *report and recommendation adopted in part sub. nom. Williams v. Burkes*, N.D. Ohio No. 5:14-CV-1304, 2016 WL 2898133, *adhered to on reconsideration*, N.D. Ohio No. 5:14-CV-13042016, 2016 WL 6649311.

{¶7} The case returned to the trial court on April 16, 2014 for a resentencing hearing. The trial court imposed the maximum sentence on each count to be served

consecutively, for a prison term of 102 months. Appellant was given credit for jail time served. The trial court's decision was journalized on April 21, 2014. Appellant appealed to this Court, arguing the trial court erred in sentencing appellant to consecutive prison terms; the trial court lacked the authority to re-sentence appellant on count one; and the trial court abused its discretion in ordering appellant to pay a fine of $27,000. In *State v. Williams*, 5th Dist. Stark No. 2014CA00086, 2015-Ohio-780, we overruled appellant's assignments of error. The Ohio Supreme Court declined to accept appellant's appeal for review in *State v. Williams*, 143 Ohio St.3d 1406, 2015-Ohio-2747, 34 N.E.3d 133 and denied her motion for reconsideration in *State v. Williams*, 143 Ohio St.3d 1467, 2015-Ohio-3733, 37 N.E.3d 1251.

{¶8} On March 22, 2017, this Court denied appellant's application for en banc consideration and reconsideration. The Ohio Supreme Court declined to accept appellant's appeal for review in *State v. Williams*, 150 Ohio St.3d 1432, 2017-Ohio-7567, 81 N.E.3d 1272 (2017). On June 1, 2017, this Court denied appellant's motion to certify conflict. The Ohio Supreme Court declined to accept appellant's appeal for review in *State v. Williams*, 151 Ohio St.3d 1427, 2017-Ohio-8371, 84 N.E.3d 1064.

{¶9} On March 6, 2017, appellant filed a writ of procedendo with the Ohio Supreme Court. Appellant argued: the trial court violated the one document rule; ineffective assistance of counsel; the trial court imposed inconsistent sentences; the record does not support the imposition of consecutive sentences; the trial court should have merged allied offenses; the trial court should have aggregated charges; the trial court should have held a hearing on restitution; the trial court unlawfully imposed court costs; the trial court unlawfully imposed dual penalties of community control and prison;

the trial court unlawfully imposed a fine; her sentence is void, and the trial court should not have sentenced her for a violation of community control. The Ohio Supreme Court dismissed appellant's writ on June 21, 2017. *State ex rel. Williams v. Fifth Dist. Court of Appeals*, 149 Ohio St.3d 1429, 2017-Ohio-4396, 76 N.E.3d 1206.

{¶10} On March 23, 2018, appellant filed a motion to vacate and void sentence. Appellant argued the trial court imposed a single lump five-year period of community control instead of imposing a community control sanction on each of the offenses of which appellant was convicted. On April 19, 2018, the trial court denied appellant's motion.

{¶11} Appellant appeals the April 19, 2018 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶12} "I. WHEN THE TRIAL COURT IMPOSED ONE LUMP FIVE-YEAR TERM OF COMMUNITY CONTROL FOR CONVICTIONS INCLUDING FORGERY, FOUR COUNTS OF GRAND THEFT, AND ONE COUNT OF THEFT, THE TRIAL COURT VIOLATED R.C. 2929.11 THROUGH 2929.19 BY NOT IMPOSING A SEPARATE SENTENCE FOR EACH OFFENSE

{¶13} "II. THE TRIAL COURT LACKED JURISDICTION, IN ITS JOURNAL ENTRY OF OCTOBER 15, 2012 AND APRIL 2014 TO MAKE A FINDING THAT DEFENDANT VIOLATED COMMUNITY CONTROL. COMMUNITY CONTROL WAS UNLAWFULLY AND ERRANTLY IMPOSED BY THE COURT ON MARCH 27, 2012 SUCH THAT THE TRIAL COURT COULD NOT FIND THE DEFENDANT IN VIOLATION OF A VOID SENTENCE. DEFENDANT'S FIFTH AMENDMENT RIGHT AGAINST DOUBLE JEOPARDY WILL BE VIOLATED IF THE COURT IS PERMITTED TO RE-SENTENCE THE DEFENDANT.

{¶14} "III. RES JUDICATA DOES NOT ACT AS A BAR AGAINST DEFENDANT FROM RAISING THE VOID NATURE OF THE ORIGINAL SENTENCING ENTRY OF MARCH 27, 2012 BECAUSE IT WAS A NON-FINAL ORDER, NOTWITHSTANDING DEFENDANT TWICE APPEALED HER SENTENCE.

{¶15} "IV. THE TRIAL COURT ERRED BY ABDICATING ITS DUTY TO CORRECT THE VOID JUDGMENTS WHEN IT DENIED DEFENDANT'S MOTION TO VACATE THE VOID JUDGMENTS OF MARCH 27, 2012 AND OCTOBER 15, 2012 AND APRIL 2014."

I., II., III., IV.

{¶16} In her assignments of error, appellant argues it was plain error for the trial court to utilize a "sentencing package" when it imposed a lump sum of community control, that the journal entry imposing community control is void, as are the March 2012, October 2012, and April 2014 judgment entries, and that since the community control sanctions were not properly imposed, she cannot be found in violation of such sanctions.

{¶17} The denial of appellant's 2018 motion to vacate and void sentence is the subject of this appeal. However, the basis for that motion stems from the original sentencing entry and sentencing hearing. Appellant argues the trial court erred in failing to impose a sentence for each of the underlying charges. She thus asserts community control was never properly imposed and thus her entire sentence is null and void. We disagree.

{¶18} Appellant cites to cases from other appellate districts finding they lacked jurisdiction to hear an appeal where the trial court sentenced the defendant to a single term of community control for multiple offenses. However, in the cases appellant cites,

the appellate courts found that if a trial court fails to advise a defendant on the specific terms of imprisonment that could be imposed, the court cannot sentence a defendant to a lump sum of community control on all counts. *State v. Williams*, 3rd Dist. Hamilton No. 5-10-02, 2011-Ohio-995; *State v. Olverson*, 1st Dist. Hamilton No. C-170018, 2017-Ohio-9188.

{¶19} The facts in this case are distinguishable from the cases cited by appellant. Here, appellant was advised of the potential penalties for each felony conviction and signed a plea agreement. The trial court indicated that appellant was sentenced to a total of five years of community control. The duration of the community control imposed upon appellant did not exceed the statutory maximum permitted by law, as R.C. 2929.15(A)(1) provides "the duration of the community control sanctions imposed upon an offender under this division shall not exceed five years." Appellant was on notice that she would serve a specific amount of prison time on each count if she did not comply with the requirements of community control. The trial court specifically informed appellant that if the trial court found prison was the appropriate remedy for a community control violation, the trial court would sentence her to an 18-month prison term on each F-4 count and to a 12-month prison term on the F-5 count, run consecutively, for a total of 102 months. See *State v. Kirkpatrick*, 11th Dist. Trumbull No. 2015-T-0090, 2016-Ohio-1314. At the sentencing hearing, appellant stated she understood the terms and conditions of community control and also understood that if she was found to violate the terms of conditions of her community control and the trial court found prison was the appropriate remedy, she would be sentenced to an 18-month prison term on each of the F-4's and a 12- month prison term on the F-5, which would run consecutively.

**{¶20}** Additionally, the Ohio Supreme Court has overturned several cases in which the appellate court determined it lacked jurisdiction to hear an appeal where the trial court sentenced the defendant to a single term of community control for multiple offenses and where the defendants had violated community control and already received a prison term. In *State v. Goldsberry*, 3rd Dist. Union No. 14-07-06, 2007-Ohio-5493, the appellant argued the trial court erred when it imposed a prison sentence for a community control violation because the trial court sentenced him to a lump sum of community control. The Third District stated the journal entry did not comply with Criminal Rule 32(C). The Ohio Supreme Court reversed the case, and remanded it to the court of appeals to rule on the merits of the assignments of error. *State v. Goldsberry*, 120 Ohio St.3d 275, 2008-Ohio-6103, 898 N.E.2d 46; see also *State v. South*, 120 Ohio St.3d 350, 2008-Ohio-6693, 899 N.E.2d 146 (reversing the Third District's dismissal of an appeal when the trial court imposed a lump sentence of community control).

**{¶21}** In both the *South* and *Goldsberry* cases, the defendants had violated community control and already received a prison term. Those cases are analogous to the instant case, as in this case, appellant violated community control and already received a prison term.

**{¶22}** Appellant also argues it was plain error for the trial court to utilize a "sentencing package." The Ohio Supreme Court has recently clarified the standard of review for plain error:

Crim.R. 52(B) affords appellate courts discretion to correct "[p]lain errors or defects affecting substantial rights" notwithstanding an accused's failure to meet his obligation to bring those errors to the attention of the trial

court.  However, the accused bears the burden to demonstrate plain error on the record, *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16, and must show "an error, i.e., a deviation from a legal rule" that constitutes "an 'obvious' defect in the trial proceedings," *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

Even if the error is obvious, it must have affected substantial rights, and "[w]e have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." Id.  We recently clarified in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, that the accused is "required to demonstrate a reasonable probability that the error resulted in prejudice – the same deferential standard for reviewing ineffective assistance of counsel claims."  (Emphasis sic.) Id. At ¶ 22, citing *United States v. Dominguez Benitez*, 542 U.S. 74, 81-83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

If the accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it; we have "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" (Emphasis added.)  *Barnes* at 27, 759 N.E.2d 1240, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

*State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, 92 N.E.3d 821, reconsideration denied, 151 Ohio St.3d 1445, 2017-Ohio-8730, 87 N.E.3d 215.

{¶23} In this case, we find no plain error. Both at the sentencing hearing and in the sentencing entry, the trial court listed the offenses that appellant pled guilty to and was convicted of and detailed the conditions of her community control. Further, the trial court informed appellant that if she violated her community control and the court found prison was the appropriate remedy, the trial court would sentence her to an 18-month prison term on each of the five F-4's and to a 12-month prison term on the F-5, all running consecutively for a total prison term of 102 months, which the trial court did impose when it found she violated the terms and conditions of her community control. At the sentencing hearing, appellant stated she understood the terms and conditions of community control and also understood that if she was found to violate the terms of conditions of her community control and the trial court found prison was the appropriate remedy, she would be sentenced to an 18-month prison term on each of the F-4's and a 12- month prison term on the F-5, which would run consecutively. Thus, we are unable to conclude on this record the result of the proceeding would have been different had the alleged error not occurred.

{¶24} Finally, as noted by appellee, even if the trial court should have imposed five year community control sentences for all six offenses separately, appellant was properly serving a five year term of community control when she violated the terms and conditions of her probation; her entire sentence is not null and void; and any argument that she should have been re-sentenced on the remaining five offenses is res judicata. In *State v. Fisher*, the Ohio Supreme Court held, "although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of

the merits of a conviction, including a determination of guilty and the lawful elements of the ensuing sentence." 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶25} The doctrine of res judicata bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any issue which was raised or could have been raised on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The arguments raised by appellant concerning the original sentencing hearing and sentencing entry are based on information available to her at the time she filed her prior appeals. Appellant previously raised sentencing arguments and could have, but did not, raise this particular issue.

{¶26} Based on the foregoing, appellant's assignments of error are overruled.

{¶27}  The April 19, 2018 judgment entry of the Stark County Court of Common Pleas is affirmed.


By: Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur