[Cite as *State v. Slaughter*, 2019-Ohio-2154.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

KEVIN JAMES SLAUGHTER

    Appellant

C.A. No.     18CA011293

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    92CR041558
                92CR041574

DECISION AND JOURNAL ENTRY

Dated: June 3, 2019

HENSAL, Judge.

{¶1}   Kevin James Slaughter appeals from the judgment of the Lorain County Court of Common Pleas, denying his motion for resentencing. This Court affirms.

I.

{¶2}   In 1993, Mr. Slaughter pleaded guilty to aggravated murder and aggravated robbery. The trial court accepted Mr. Slaughter's pleas and sentenced him to life imprisonment with parole eligibility after 30 years for aggravated murder, and "10 to 25 years imposed as actual incarceration" for aggravated robbery. The trial court ordered the sentences to run consecutively. Mr. Slaughter did not file a direct appeal. He subsequently filed three motions to withdraw his guilty pleas, all of which were denied, and all of which he did not appeal.

{¶3}   On February 15, 2018, Mr. Slaughter filed a "Motion to Resentence[,]" challenging his 30-year sentence for aggravated murder on the basis that the trial court failed to sentence him pursuant to statute. Specifically, he argued that the trial court erred by sentencing

him to a minimum term of 30 years, as opposed to the statutorily required 30 "full" years, which renders his sentence contrary to law and void. Mr. Slaughter's motion was precipitated by the fact that the Ohio Department of Rehabilitation and Correction ("ODRC") denied him good-time credit, treating him as if the trial court sentenced him to 30 "full" years. The trial court denied Mr. Slaughter's motion. He has appealed, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW[] WHEN IT DENIED SLAUGHTER'S MOTION TO BE RESENTENCED TO CORRECT SENTENCE PURSUANT TO FORMER R.C. 2929.03(C)(2).

{¶4} In his sole assignment of error, Mr. Slaughter argues that the omission of the word "full" from his sentence renders it void and, therefore, not subject to res judicata. Accordingly, he argues that the trial court erred by denying his motion for resentencing. This Court disagrees.

{¶5} We begin our review by noting that "[m]ost sentencing challenges must be brought by a timely direct appeal." *State v. Ibn-Ford*, 9th Dist. Summit No. 27380, 2015-Ohio-753, ¶ 7, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8. "Res judicata 'bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.'" *State v. Marbury*, 9th Dist. Summit No. 26889, 2013-Ohio-5306, ¶ 5, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. "A void sentence, however, may be challenged at any time." *Ibn-Ford* at ¶ 7. "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. As the Ohio Supreme Court has explained, "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984).

{¶6} As previously noted, Mr. Slaughter argues that his sentence is void because the trial court disregarded the statutory requirement of sentencing him to 30 "full" years for aggravated murder. *See* R.C. 2929.03(C)(2)(a)(i). In support of his position, Mr. Slaughter relies upon the Tenth District's decision in *State v. Berry*, 10th Dist. Franklin No. 08AP-762, 2009-Ohio-1557. There, "[t]he trial court imposed a sentence of 30 years to life on the aggravated murder counts, which the trial court stated was to be 'actual' incarceration[.]" *Id.* at ¶ 3. Because the ODRC "was treating [the defendant] as if he were eligible to receive good time credit that would allow him to be considered for parole prior to completion of his sentence[,]" the State moved for resentencing, arguing that "the court's omission of the word 'full' from its sentencing entry rendered the sentence void." *Id.* at ¶ 6. Without holding a new sentencing hearing, the trial court issued an amended judgment entry wherein it replaced the word "actual" with "full" in describing the defendant's 30-years-to-life sentence for aggravated murder. *Id.* at ¶ 9. The defendant then filed a petition for post-conviction relief, arguing – in part – that the trial court erred by sentencing him to 30 "full" years (by virtue of the amended judgment entry) outside of his presence. *Id.* at ¶ 22.

{¶7} On appeal, the Tenth District concluded that, because the defendant challenged his sentence on the basis that he was not present at sentencing, "the proper remedy * * * would be through the filing of a motion seeking leave to file a delayed appeal, rather than a petition seeking post-conviction relief." *Id.* at ¶ 27. It, therefore, affirmed the trial court's denial of the defendant's untimely petition for post-conviction relief. *Id.* at ¶ 28. In dicta, the Tenth District noted that the trial court's "failure to include a mandatory term rendered the sentence void." *Id.* at ¶ 23. Mr. Slaughter relies on this language in support of his argument that the trial court's failure to include the word "full" in its sentence renders it contrary to law and void.

{¶8} In response, the State argues – in part – that the trial court's omission of the word "full" did not render his sentence void. In support of its argument, the State cites the Eighth District's decision in *State v. Rembert*, 8th Dist. Cuyahoga No. 99707, 2014-Ohio-300. There, the court noted that "pursuant to the aggravated murder sentencing statute, when a defendant is sentenced to life imprisonment with parole eligibility after either 25 or 30 years, the years are necessarily 'full' years, because 'full' years are the only available punishment authorized by the statute when a defendant is ordered to serve 25 or 30 years before becoming eligible for parole." (Emphasis omitted.) *Id.* at ¶ 15.

{¶9} As this Court has stated, "the Ohio Supreme Court has applied its void-sentence analysis in limited circumstances[,]" and we "will not extend its reach without clear direction from the Supreme Court." *State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 20. Despite Mr. Slaughter's reliance upon dicta from *Berry*, we cannot say that the trial court's failure to include the word "full" in its sentencing entry renders Mr. Slaughter's sentence void. *See Rembert* at ¶ 15; *see also State v. Jones*, 9th Dist. Wayne No. 10CA0022, 2011-Ohio-1450, ¶ 10 (holding that a sentencing entry that omits the word "mandatory" to describe the prison term does not render the sentence void); *State v. Colvin*, 7th Dist. Mahoning No. 15 MA 0162, 2016-Ohio-5644, ¶ 32 (holding same). Accordingly, we reject Mr. Slaughter's argument that his motion for resentencing was not barred by res judicata. *See Ibn-Ford*, 2015-Ohio-753, at ¶ 7. Because Mr. Slaughter could have, but did not, raise this issue in a direct appeal, the trial court did not err by denying his motion for resentencing. Mr. Slaughter's assignment of error is overruled.

III.

{¶10} Mr. Slaughter's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KEVIN JAMES SLAUGHTER, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NICHOLAS A. BONAMINIO, Assistant Prosecuting Attorney, for Appellee.