[Cite as *State v. Crenshaw*, 2019-Ohio-3840.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-L-121** |
| - vs - | : | |
| ISIAH CRENSHAW, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2015 CR 000711.

Judgment:  Reversed and vacated; remanded.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Edward M. Heindel*, 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Isiah Crenshaw, appeals from the August 17, 2018 judgment entry of the Lake County Court of Common Pleas, which terminated appellant's community control sanctions and sentenced him to serve 72 months in prison for violating community control.  The judgment is reversed, and appellant's conviction for violating community control is vacated.  This matter is remanded for further proceedings.

{¶2} On January 29, 2016, appellant was indicted by the Lake County Grand Jury on eight drug-related offenses. Appellant entered into an agreement with appellee, the state of Ohio, to plead guilty to one count of tampering with evidence (F3) and one count of possession of heroin (F4).

{¶3} On March 23, 2016, appellant appeared before the trial court, with counsel, for a change of plea hearing. After the trial court advised appellant that it could proceed immediately to sentencing, appellant appeared reluctant to enter the plea. Appellant expressed to the court that he was remorseful and wanted to receive drug treatment. The state, however, requested a prison sentence of two years.

{¶4} The trial court refused to accept appellant's guilty plea and engaged in a lengthy colloquy with appellant. The court proposed that it would consider community control sanctions if appellant pleaded guilty to all counts of the indictment, except for those subject to merger, which would carry a maximum suspended prison term of ten consecutive years. Should the court choose not to impose community control sanctions following the outcome of a pre-sentence investigation, the court stated it would dismiss all counts except the two for which appellant had originally agreed to plead guilty and would sentence appellant to two years in prison. The trial court gave appellant a week to consider the proposal and discuss it with defense counsel.

{¶5} On March 30, 2016, appellant again appeared before the trial court, with counsel, for a change of plea hearing. Appellant pled guilty to the five counts not subject to merger: Count 1, tampering with evidence (F3), in violation of R.C. 2921.12(A)(1); Count 3, trafficking in heroin (F3), in violation of R.C. 2925.03(A)(2) with forfeiture specifications for heroin, a scale, and $1,502.00 in cash; Count 5, aggravated trafficking

in drugs (F4), in violation of R.C. 2925.03(A)(2) with a forfeiture specification for fentanyl; Count 7, aggravated trafficking in drugs (F4), in violation of R.C. 2925.03(A)(2) with a forfeiture specification for hydrocodone; and Count 8, possession of dangerous drugs (F5), in violation of former R.C. 4729.51(C)(3) (eff. Feb. 1, 2016) with a forfeiture specification for trazadone.

{¶6} The sentencing hearing was held on April 26, 2016, following a pre-sentence investigation. The judgment of sentence was entered on May 10, 2016.

{¶7} The trial court considered the factors in R.C. 2929.12 and found that the presumption in favor of prison on Count 3, pursuant to R.C. 2929.13(D), had been overcome. The trial court suspended a consecutive 120-month prison sentence: 36 months on Count 1, 36 months on Count 3, 18 months on Count 5, 18 months on Count 7, and 12 months on Count 8.

{¶8} Appellant was sentenced to a three-year term of community control. The specific sanctions and conditions imposed included, inter alia, that appellant successfully complete the Lake County Jail Treatment Program while serving 60 days in jail, followed by successful completion of the North East Ohio Community Alternative Program, followed by an additional 60 days in jail for participation in the Transitional Day Reporting Program.

{¶9} In February 2018, appellant was arrested in Cuyahoga County on drug-related offenses and admitted to possessing drugs during his arrest. This was a violation of appellant's community control conditions in the case sub judice. The state moved to terminate appellant's community control. Appellant waived his rights to a probable cause

3

hearing and to a final hearing. Appellant pled guilty to the charge of violating his community control.

{¶10} At the sentencing hearing, both defense counsel and the prosecuting attorney represented to the trial court that, should the court determine appellant was not amenable to continue on community control, appellant and the state had agreed to a six-year term of incarceration. A written agreement to this effect is not in the record before us.

{¶11} The trial court accepted the joint recommendation of a six-year prison sentence. The trial court sentenced appellant to a prison term of 30 months on Count 1; 30 months on Count 3; 12 months on Count 5; 12 months on Count 7; and 12 months on Count 8. Counts 1 and 3 were run consecutive to each other; Counts 5, 7, and 8 were run concurrent to each other but consecutive to Counts 1 and 3. The judgment of sentence was entered August 17, 2018.

{¶12} Appellant raises the following two assignments of error for this court's review:

> [1.] The six year prison term that was imposed was contrary to law because it did not comport with the purposes and principles of sentencing and the sentencing factors.
>
> [2.] The trial court erred by imposing a community control "sentencing package" at Crenshaw's initial sentencing. The imposition of the six-year sentence for violating the "sentencing package" should be vacated, along with the original sentence.

{¶13} In his first assignment of error, appellant argues the trial court's imposition of a six-year prison sentence was contrary to law because it did not adequately consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing

4

factors in R.C. 2929.12. We need not consider this argument, however, as appellant's second assignment of error is dispositive.

{¶14} In his second assignment of error, appellant argues the trial court erred by imposing a community control "sentencing package" at his initial sentencing, rather than individually on each charge, which thereby invalidates the imposition of a prison sentence for his community control violation. Appellant requests this court vacate the trial court's original sentence, as well as his conviction and sentence for violating his community control.

{¶15} Pursuant to R.C. 2953.08(G)(2), felony sentences may be increased, reduced, modified, or vacated and remanded if the appellate court "clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶16} Appellee concedes appellant's original sentence is contrary to law, based on the Supreme Court of Ohio's holding that the Ohio felony sentencing statutes do not allow for "sentencing packages." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶10 ("This court has never adopted the sentencing-package doctrine, and we decline to do so now.").

{¶17} "Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider

5

each offense individually and impose a separate sentence for each offense." *Id.* at ¶9, citing R.C. 2929.11 through R.C. 2929.19.

**{¶18}** "Generally, pursuant to the felony-sentencing statutes, a court must impose either a prison term or a community-control sanction as a sentence for a particular felony offense * * *." *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, ¶6, citing *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶31. This court, and others, have held that not only must prison terms be imposed individually for each offense, pursuant to *Saxon*, terms of community control must also be imposed individually for each offense. Therefore, when a trial court imposes community control sanctions on multiple charges in a "sentencing package," rather than individually, the sentence is contrary to law. *See*, *e.g.*, *State v. Edwards*, 11th Dist. Geauga No. 2017-G-0122, 2018-Ohio-2462, ¶18; *State v. Armstrong*, 11th Dist. Trumbull No. 2015-T-0131, 2017-Ohio-8801, ¶27; *State v. White*, 4th Dist. Hocking No. 18CA2, 2018-Ohio-4104, ¶2; *State v. Lynch*, 8th Dist. Cuyahoga No. 104200, 2016-Ohio-7721, ¶5; *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶21.

**{¶19}** "'No court has the authority to impose a sentence that is contrary to law.'" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶22, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶23. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984). Void sentences may be reviewed and vacated at any time—on direct appeal or, as here, by collateral attack. *Williams*, 2016-Ohio-7658, at ¶22-23, citing *Fischer*, *supra*, at ¶30; *State v. Blair*, 8th Dist.

6

Cuyahoga No. 102548, 2015-Ohio-5416, ¶11, citing *Fischer* and *Beasley*, *supra*; *State v. Price*, 4th Dist. Athens Nos. 17CA30 and 17CA31, 2018-Ohio-2896, ¶20.

**{¶20}** Here, appellant was convicted of five offenses. The trial court, however, imposed a blanket three-year term of community control on all five offenses. Therefore, the May 10, 2016 judgment of sentence is void, and the trial court could not have found appellant in violation of it. Accordingly, the August 17, 2018 judgment of sentence is also void. *See*, *e.g.*, *Price*, *Lynch*, and *Williams*, *supra*.

**{¶21}** Appellant's second assignment of error has merit. As a result, appellant's first assignment of error is moot.

**{¶22}** The judgment of the Lake County Court of Common Pleas is reversed, and appellant's conviction for violating his community control sanctions is hereby vacated. This matter is remanded for a de novo sentencing hearing as it relates to the underlying offenses to which appellant pled guilty, to wit: Counts 1, 3, 5, 7, and 8.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.