**[Cite as *State v. Earl*, 2020-Ohio-1202.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

ABDUL EARL

    Appellant

C.A. Nos.     18CA011303
                 18CA011281

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    15CR091866
                16CR094318

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

TEODOSIO, Presiding Judge.

{¶1}  Appellant, Abdul L. Earl, appeals from the judgment entries denying his two motions to vacate void judgment in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}  Mr. Earl was sentenced in two separate cases and in two different trial courts. The courts initially placed him on community control, but later sentenced him to prison after he violated the terms and conditions of his community control. He never appealed any of the judgment entries sentencing him to community control or prison. Mr. Earl eventually filed two motions to vacate void judgment in each case almost a year after he was sentenced to prison, both of which were denied.

{¶3} Mr. Earl now appeals from the judgment entries denying his two motions to vacate void judgment and raises one assignment of error for this Court's review. Although he filed separate appeals in each case, this Court has consolidated both appeals, as they involve substantially similar judgment entries and merit briefs, as well as the same assignment of error.

II.

**ASSIGNMENT OF ERROR**

APPELLANT WAS SENTENCED TO A []LUMP SENTENCE OF 3 YEARS COMMUNITY CONTROL. "LUMPING A SENTENCE IS A VIOLATION OF OHIO SENTENCING GUIDELINE[S]." * * *.

{¶4} In his sole assignment of error, Mr. Earl argues that both trial courts erred in denying his motions to vacate void sentence because the courts originally imposed "lump" sentences of three years community control in each case. We disagree.

{¶5} Although Mr. Earl has appealed from the denials of his motions to vacate void judgment, he is essentially challenging his original sentences in each case. *See State v. Williams*, 5th Dist. Stark No. 2018CA00060, 2018-Ohio-3458, ¶ 17. "Most sentencing challenges must be brought by a timely direct appeal." *State v. Ibn-Ford*, 9th Dist. Summit No. 27380, 2015-Ohio-753, ¶ 7, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8. *See also State v. Slaughter*, 9th Dist. Lorain No. 18CA011293, 2019-Ohio-2154, ¶ 5. "The doctrine of res judicata 'bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.'" *State v. O'Neal*, 9th Dist. Medina No. 15CA0052-M, 2015-Ohio-5181, ¶ 5, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. It "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. Res judicata applies to other aspects of the merits of

a conviction as well, including the determination of guilt and the lawful elements of the ensuing sentence, but does not preclude review of a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. In other words, unless Mr. Earl's sentences are void, his claim is barred by res judicata. *See State v. Isa*, 2d Dist. Champaign No. 2015-CA-44, 2016-Ohio-4980, ¶ 9; *Ibn-Ford* at ¶ 7.

{¶6} "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. "'Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute.'" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 20, quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964). "'A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law.'" *Id.* Thus, "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984).

{¶7} "Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." *Payne* at ¶ 27. Therefore, when a trial court has jurisdiction but erroneously exercises its jurisdiction, the sentence is not void, and the sentence can be set aside only if successfully challenged on direct appeal. *Id.* at ¶ 28. Sentencing errors are generally not jurisdictional and do not render a judgment void. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 13. The Supreme Court of Ohio has, in fact, declined to find sentences void based on the trial court's failure to comply with certain sentencing statutes. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8 (recognizing challenges to a trial court's (1) compliance with the purposes and principles of sentencing, (2) determination of allied offenses,

and (3) consecutive sentencing must be brought on direct appeal); *but see State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 28 (separates sentences imposed for allied offenses of similar import, even if imposed concurrently, are void).

{¶8}    Mr. Earl claims that his sentences are void because each trial court imposed a "lump" sentence of community control for multiple counts in each case.  He relies on the Supreme Court of Ohio's decision in *Saxon*, which addressed and rejected use of the federal sentencing-package doctrine by Ohio courts:

> Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense.  See R.C. 2929.11 through 2929.19. * * * Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.

*Saxon* at ¶ 9.

{¶9}    This Court has consistently held that the Supreme Court of Ohio "'has applied its void-sentence analysis in limited circumstances'" and we "'will not extend its reach without clear direction from the Supreme Court.'"  *See, e.g., Slaughter*, 2019-Ohio-2154, at ¶ 9, quoting *State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 20.  Notably, the high court has identified several specific areas where it held that a sentence was void: "when the trial court fails to impose a statutorily mandated term of post[-]release control," "when it fails to include a mandatory driver's license suspension in the offender's sentence[,]" and "when it fails to include a mandatory fine in the sentence[.]"  *Williams*, 2016-Ohio-7658, at ¶ 21.  The *Williams* Court further determined that separates sentences imposed for allied offenses of similar import, even if imposed concurrently, are void.  *Id.* at ¶ 28.  Mr. Earl has not alleged that any of these specific errors occurred in his cases.  Although the *Saxon* Court determined sentencing courts lack the

authority to consider multiple offenses as a group and err in imposing a single sentence for those offenses, it did not explicitly state that such sentences are rendered "void." *See Saxon* at ¶ 9. Thus, "[c]onsistent with our precedent, we will not reach that result in this case." *State v. Occhipinti*, 9th Dist. Lorain No. 15CA010787, 2016-Ohio-1286, ¶ 5.

{¶10} Mr. Earl is attempting to use his motions to vacate void judgment as a means to obtain appellate review of alleged sentencing errors that he previously failed to appeal. *See State v. Fields*, 9th Dist. Summit No. 28667, 2018-Ohio-1605, ¶ 12, citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 WL 643794, *1 (Nov. 2, 1995). "'[T]he utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed)' or 'bootstrapping' is 'procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order.'" *Id., quoting Church at *1*. In other words, Mr. Earl cannot now use a motion to vacate void judgment and its subsequent denial to present a belated attack on his sentences. Because his sentences are not void and he could have raised his sentencing-package argument on direct appeal, he is barred from doing so now by the doctrine of res judicata. *See State v. Hammock*, 5th Dist. Richland No. 18CA27, 2018-Ohio-3914, ¶ 25-27; *Isa*, 2016-Ohio-4980, at ¶ 9; *Slaughter* at ¶ 9.

{¶11} Accordingly, we conclude that the trial courts did not err in denying Mr. Earl's two motions to vacate void judgment.

{¶12} Mr. Earl's sole assignment of error is overruled.

III.

{¶13} Mr. Earl's sole assignment of error is overruled. The judgments of the Lorain County Court of Common Pleas are affirmed.

Judgments affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


THOMAS A. TEODOSIO
FOR THE COURT


CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

ABDUL EARL, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.