[Cite as *State v. Hedges*, 2020-Ohio-4528.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-135** |
| JOHN H. HEDGES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2019 CR 000333.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Edward M. Heindel,* 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, John H. Hedges, appeals the August 14, 2019 Judgment Entry of the Lake County Court of Common Pleas in case no. 19-CR-000333 sentencing him to a total of 78 months in prison (the "2019 case"). For the reasons stated herein, the judgment in the 2019 case is affirmed.

{¶2} In case no. 18-CR-000270 (the "2018 case"), Mr. Hedges pleaded guilty to one count of Aggravated Possession of Drugs, a felony of the third degree, in violation of

R.C. 2925.11, and one count Improperly Handling Firearms in a Motor Vehicle, a misdemeanor of the first degree, in violation of R.C. 2923.16(E)(1), both with forfeiture specifications. Mr. Hedges was blanketly sentenced to two years of community control and various other sanctions and conditions, including that Mr. Hedges "shall have no involvement with drugs or alcohol and shall submit to periodic screens as directed by the Lake County Adult Probation Department."

{¶3} However, during a subsequent visit at Mr. Hedges' home, Chief Probation Officer Berry observed a handgun and drug paraphernalia in plain sight. A search warrant was obtained and, ultimately, various drugs, drug paraphernalia, firearms, and U.S. currency were found, including 48 squares of LSD and 190.64 grams of methamphetamines. Mr. Hedges also admitted to using methamphetamine and tested positive for methamphetamine and marihuana. Mr. Hedges pleaded guilty to violating the terms of community control. Accordingly, the trial court terminated Mr. Hedges' community control and sentenced him to a term of 18 months imprisonment for the violation.

{¶4} Additionally, charges related to the seized drugs and firearms were also brought against Mr. Hedges in the 2019 case, which is before us on direct appeal. In that case, Mr. Hedges pleaded guilty to one count Possession of Drugs, a felony of the third degree, in violation of R.C. 2925.11, and one count Having Weapons While Under Disability, a felony of the third degree, in violation of R.C. 2923.13(A)(1); both counts included a Contraband/Instrumentalities Forfeiture Specification and a U.S. Currency Forfeiture Specification pursuant to R.C. 2941.1417 and R.C. 2981.04. The trial court sentenced Mr. Hedges to 30 months imprisonment on each count of the two counts, to

2

be run consecutively to one another. Additionally, this 60-month sentence was ordered to be served second and consecutive to the 18-month sentence in the 2018 case, for a total of 78 months in prison.

{¶5} Mr. Hedges filed a motion for delayed appeal of the 2019 case, which this court granted. On appeal, he assigns two errors for our review. We first address his second assignment of error, which states:

{¶6} The trial court erred by imposing a prison term in this case consecutively to 18 CR 00272 [sic]. The 2018 case involved a "sentencing package" which renders that sentence void.

{¶7} Mr. Hedges and the state agree that the trial court improperly imposed a sentencing package in the 2018 case. Though the 2018 case is not before us on direct appeal, Mr. Hedges argues the sentence in the 2018 case is void and that this court may review and vacate that sentence by collateral attack. He requests that this court vacate both judgments in the 2018 case, citing *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995. The state concedes Mr. Hedges' initial sentence in the 2018 case contained an improper sentencing package. However, the state argues that this error is voidable and that Mr. Hedges is barred by res judicata from making this argument here as Mr. Hedges did not raise the error on direct appeal.

{¶8} The Supreme Court of Ohio has held that sentencing packages, or the imposition of one blanket sentence for multiple offenses, are not permissible. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶10. This has been held to apply to the imposition of community control sanctions, as is the case here. *See State v. Armstrong*, 11th Dist. Trumbull No. 2015-T-0131, 2017-Ohio-8801; *State v. Edwards*, 11th Dist. Geauga No. 2017-G-0122, 2018-Ohio-2462. "[W]hen a trial court imposes community control sanctions on multiple charges in a 'sentencing package,' rather than individually,

3

the sentence is contrary to law." *State v. Crenshaw*, 11th Dist. Lake No. 2018-L-121, 2019-Ohio-3840, ¶18. See also *State v. White*, 4th Dist. Hocking No. 18CA2, 2018-Ohio-4104, ¶2; *State v. Lynch*, 8th Dist. Cuyahoga No. 104200, 2016-Ohio-7721, ¶5; *Williams, supra,* at ¶21.

{¶9} Here, there is no disagreement between the parties that the trial court impermissibly imposed a sentencing package in the 2018 case in violation of *Saxon*. The state concedes this point stating "the trial court violated the sentencing package doctrine when imposing a sentence on the underlying charges in [the 2018 case]." In the 2018 case, Mr. Hedges was convicted of two offenses. The trial court, however, imposed a blanket two-year term of community control on both offenses. As both parties agree, this was an improper imposition of a sentencing package. Mr. Hedges and the state, however, disagree on whether this error is void or voidable. If this error rendered the initial sentence void, then the court could not find Mr. Hedges in violation of that void sentence and subsequently sentence him for a violation of that void sentence. If, however, the initial sentencing package error was voidable, then the error was correctable prior to the completion of the sentence and challengeable only on direct appeal.

{¶10} Until recently, the case law in Ohio suggested a sentencing package error renders the sentence void. *See, e.g., State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238*;* and *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984). However, in *State v. Harper,* --- Ohio St.3d ---, 2020-Ohio-2913, the Supreme Court of Ohio recently "realigned" it's void/voidable jurisprudence "with the traditional understanding of void and voidable sentences." *Id.* at ¶43.

4

{¶11} Though the error discussed in *Harper* concerned erroneously imposed post-release control, on the whole it represents a realignment with the traditional understanding of what constitutes a void judgment. The Court also discussed the principles of void and voidable errors broadly, stating "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id.* at ¶26, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶¶12, 22. Accordingly, we find the Ohio Supreme Court's reasoning in *Harper* to be applicable to the case at bar. *See State v. Jackson,* 10th Dist. Franklin No. 20AP-16, 2020-Ohio-3783 (acknowledging that *Harper* pertained to a failure to properly impose post-release control but finding the Ohio Supreme Court's "reasoning and resulting revision of its void/voidable jurisprudence applicable to" purported Crim.R. 43(A) and 32 sentencing errors.); and *State v. Brooks*, 8th Dist. Cuyahoga No. 108919, 2020-Ohio-3286 (applying *Harper* and finding appellant's claim that his sentence was void due to the omission of the word "full" as required by statute to be res judicata.).

{¶12} Here, there is no argument that the lower court had subject-matter jurisdiction over Mr. Hedges' 2018 case, and personal jurisdiction over him, but erred in its exercise of that jurisdiction by imposing a sentencing package. However, following the realigned principles concerning void/voidable errors in *Harper,* we find the imposition of a sentencing package to be a voidable error, and not void as Mr. Hedges argues. "Generally, a voidable judgment may only be set aside if successfully challenged on direct appeal." *Harper, supra,* at ¶26, *citing State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 28. Accordingly, since Mr. Hedges failed to raise the error on direct appeal, he is now barred by res judicata from collaterally attacking the judgment in the 2018 case.

{¶13} Moreover, the court effectively corrected the error when it terminated community control and imposed an 18-month sentence for a violation of community control. The current prison term in the 2018 case no longer contains an improper sentencing package. Further, in the 2019 case, neither of the counts of which Mr. Hedges was convicted were predicated upon a sentencing package error. The court properly imposed separate sentences for each of the counts of which Mr. Hedges was convicted. Thus, the court did not err in ordering that the 60 months imprisonment in the 2019 case run consecutively with the 18-month sentence in the 2018 case.

{¶14} Therefore, Mr. Hedges' second assignment is without merit.

{¶15} Next, we consider Mr. Hedges' first assignment of error, which states:

{¶16} The trial court erred when it imposed consecutive sentences. The imposition of consecutive sentences was not supported by the record.

{¶17} "The standard of review for the imposition of consecutive prison terms is * * * governed by the clearly and convincingly standard set forth in R.C. 2953.08(G)(2)." *State v. Anthony*, 11th Dist. Lake No. 2019-L-045, 2019-Ohio-5410, ¶159, *citing State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶16.

{¶18} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶19} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶20} (b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

6

{¶21} Additionally, R.C. 2929.41(A) provides, in pertinent part: "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state * * *."

{¶22} Pursuant to R.C. 2929.14(C)(4), a trial court may order sentences to be served consecutively if the court finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]"  The trial court must also find that one of the following statutory factors applies:

{¶23} (a) The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶24} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶25} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.  R.C. 2929.14(C)(4).

{¶26} On appeal, Mr. Hedges argues several reasons why consecutive sentences are not appropriate in this case: the crimes were not violent; there was no evidence that the firearms forfeited were used in the commission of any offense; Mr. Hedges has suffered the tragic loss of his mother, brother, and sister; he has not previously been sentenced to prison; and he was cooperative during the proceedings.

7

{¶27} The trial court acknowledged various mitigating circumstances, stating: "[t]he Court understands the Defendant's rough life previously. However, there are many people in similar circumstances that don't do drugs, and certainly many people in those circumstances, that even if they do drugs, don't acquire firearms." The trial court also acknowledged that it found Mr. Hedges to be sincerely remorseful.

{¶28} Nevertheless, the court specifically stated, "[p]ursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public, that the Defendant committed one or more of the multiple offenses while awaiting sentencing, or under a sanction pursuant to R.C. 2929.16, 2929.17, or 2929.18, and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant."

{¶29} The prosecutor set forth the facts it would have presented had the 2019 case gone to trial, to wit: that Mr. Hedges, while on community control for a felony drug offense, possessed 190.64 grams, an amount which exceeds bulk, of methamphetamine; 48 squares of LSD; a container of marihuana; a semi-automatic pistol with laser sight and ammunition, a rifle with ammunition, various drug paraphernalia, narcotics, pills, and tablets, and $2,105 in U.S. currency deemed to be proceeds pursuant to R.C. 2981.01(B)(11). Even without evidence that Mr. Hedges used the firearms in the commission of the offense, we cannot say the trial court erred in finding Mr. Hedges posed a danger to the public. While knowingly under disability, Mr. Hedges was in possession

8

of two firearms and substantial quantities of illegal substances. Moreover, he committed these offenses only shortly after being convicted of substantially similar offenses. After a thorough review of the record, we cannot clearly and convincingly find that the imposition of two consecutive 30-month sentences for counts one and two was not supported by the record.

{¶30} Accordingly, Mr. Hedges' first assignment of error is without merit.

{¶31} In light of the foregoing, the judgment of the Lake County Court of Common Pleas in case no. 2019-CR-000333 is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

9