[Cite as *State v. Thomas*, 2021-Ohio-2792.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-20-1099

      Appellee                                   Trial Court No.  CR0201402811

v.

Carlos Thomas                                   **DECISION AND JUDGMENT**

      Appellant                                  Decided:   August 13, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Victoria Bader,
Assistant Public Defender, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Carlos Thomas, appeals the May 21, 2020 judgment of

the Lucas County Court of Common Pleas, denying his motion to vacate his sentence.

For the following reasons, we affirm the trial court judgment.

# I. Background

{¶ 2} On November 14, 2014, Carlos Thomas was indicted on four counts of aggravated arson, violations of R.C. 2909.02(A)(1), first-degree felonies, and one count of arson, a violation of R.C. 2909.02(A)(2), a second-degree felony. He entered a plea of no contest to one count of aggravated arson (Count 4) and one count of the lesser-offense arson, a violation of R.C. 2909.03(A)(1) and (B)(2)(b), a third-degree felony (Count 5). The court imposed a sentence of five years' community control, but advised Thomas that a violation of community control could result in an eight-year term of imprisonment on Count 4 and a 17-month term of imprisonment on Count 5.

{¶ 3} On October 15, 2015, Thomas admitted to violating community control. The court revoked community control on Count 5 and imposed the suspended 17-month prison sentence. It ordered that Thomas remain on community control on Count 4 after completing his sentence on Count 5.

{¶ 4} In 2018, Thomas admitted to three additional community-control violations, and each time, the trial court continued community control and ordered him to complete programming at a correctional treatment facility. In 2019, Thomas violated community control a fifth time. On March 11, 2019, the court revoked Thomas's community control on Count 4, terminated community control on Count 5, and imposed Thomas's suspended eight-year prison sentence.

2.

{¶ 5} On October 24, 2019, Thomas moved to vacate his sentence, arguing that the trial court failed to comply with Crim.R. 32(C) when it imposed a single term of community control for Counts 4 and 5 rather than imposing separate sentences on each conviction. He relied on decisions from Ohio's Third, Fourth, Eighth, and Eleventh appellate districts, which held that the imposition of a single, blanket sentence of community control for multiple offenses renders the sentence void.

{¶ 6} In a May 21, 2020 judgment, relying on conflicting decisions from the Fifth and Ninth districts, the trial court denied Thomas's motion. Thomas appealed, assigning the following error for our review:

> The trial court erred when it sentenced Mr. Thomas to a single, lump-sum community control sentence for multiple charges.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, Thomas argues that the imposition of a single sentence of community control for multiple convictions is contrary to law. He contends that there is a split among Ohio's appellate districts whether the failure to impose separate terms of community control renders the sentence void. He encourages

3.

this court to adopt the position taken by the Third[1], Fourth[2], Eighth[3], and Eleventh[4] Districts—finding such a sentence void—and reject the contrary position taken by the Fifth District[5], declining to find it void, and the Ninth District[6], explicitly finding it merely *voidable*.

---

[1] *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶ 23-24 ("[A] trial court's failure to properly impose a term of community control on each count would render the sentence void as being contrary to law and would require a de novo resentencing hearing to impose a sentence on each count.").

[2] *State v. Price*, 4th Dist. Athens No. 17CA30, 2018-Ohio-2896, ¶ 2-3 (finding that trial court erred when it imposed one lump-sum community control sentence for two offenses instead of imposing a specific sentence for each count, and concluding that "trial court's disregard of statutory requirements * * * rendered that part of his sentence void," therefore, permitting appellant to challenge the sentence at any time); *State v. Wheatley*, 4th Dist. No. 17CA3, 2018-Ohio-464, 94 N.E.3d 578, ¶ 44-46 (finding that "a court may not impose one, lump sum community control sentence instead of imposing a specific community control sentence for each count" and remanding for resentencing).

[3] *State v. Blair,* 8th Dist. Cuyahoga No. 102548, 2015-Ohio-5416, ¶ 8-13 (observing that a judge must impose a separate sentence for each offense, even when imposing community control sanctions, and concluding that because the sentence did not comply with statutorily-mandated terms, it was void).

[4] *State v. Crenshaw,* 11th Dist. Lake No. 2018-L-121, 2019-Ohio-3840, ¶ 20 (holding that blanket sentence of three years' community control for five offenses was void).

[5] *State v. Williams*, 5th Dist. Stark No. 2018CA00060, 2018-Ohio-3458, ¶ 17 (affirming denial of motion to vacate and void sentence due to imposition of lump-sum community control, finding no plain error, and concluding that res judicata barred challenge).

[6] *State v. Earl*, 9th Dist. Lorain No. 18CA011281, 2020-Ohio-1202, ¶ 7-13 (finding that error in imposing single term of community control for multiple offenses did not render sentence void, and appellant could not belatedly attack his sentence via a motion to vacate void judgment because he could have raised his argument on direct appeal).

4.

{¶ 8} The state acknowledges that a conflict currently exists among the appellate districts, but it maintains that the Ohio Supreme Court's decisions in *State v. Henderson,* 2020-Ohio-4784, 162 N.E.3d 776, decided five months after the trial court's judgment, and *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, limit the scope of Ohio's void sentence doctrine and elucidate the court's position, making clear that the Ohio Supreme Court would find Thomas's sentence *voidable* rather than void. As such, it claims, Thomas was required to raise this error via direct appeal. Because he failed to do so, res judicata bars him from raising this issue now.

{¶ 9} In *Henderson*, following Henderson's conviction for murder, the trial court imposed a definite sentence of 15 years, rather than the required indefinite sentence of 15 years to life. Although Henderson raised challenges to various aspects of his sentence over the years, neither he nor the state filed a direct appeal from the original sentencing judgment. Just before Henderson's scheduled release from prison, the state moved for resentencing to correct the sentence, arguing that the definite 15-year sentence was void. The trial court granted the state's motion and the Eighth District affirmed. Henderson appealed to the Supreme Court of Ohio.

{¶ 10} In considering Henderson's appeal, the Ohio Supreme Court took the opportunity to "consider the last three decades of [its] void-sentence analysis," decided to "reject that analysis," and announced a "return to [its] traditional understanding of the distinction between void and voidable sentences." *Id.* at ¶ 1. Following that analysis, it held that so long as a trial court has both subject-matter and personal jurisdiction, a

5.

sentence based on an error will be deemed *voidable*, not void.  And where a judgment is merely voidable, the doctrine of res judicata applies, "bar[ring] a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court."  *Id.* at ¶ 19, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.  Because the trial court had subject-matter and personal jurisdiction, rendering Henderson's sentence only voidable, the court held that the state could not challenge the unlawful sentence via a post-conviction motion filed 18 years[7] after Henderson's conviction.

{¶ 11} In *Harper*, decided before *Henderson*, the court considered the void-voidable analysis in the context of a trial court's failure to provide notice in its sentencing entry of the consequences of a violation of postrelease control.  It found the judgment merely voidable.  Similar to *Henderson*, the court professed to "realign" its jurisprudence with the traditional understanding of void-versus-voidable sentences.  In doing so, it cautioned "prosecuting attorneys, defense counsel, and pro se defendants throughout this state," placing them "on notice that any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata."[8]  *Harper* at ¶ 43.

---

[7] Henderson had also received an additional three years' imprisonment on a firearms specification.

[8] The Ohio Supreme Court reiterated this caution in *State v. Hudson,* 161 Ohio St.3d 166, 2020-Ohio-3849, 181, N.E.3d 608, ¶ 170.

6.

{¶ 12} Thomas acknowledges *Henderson* and *Harper,* but insists that the Ohio Supreme Court has yet to apply these cases in the context of "lump-sum sentencing errors." This is true. However, in *Henderson*, anticipating that parties may "try to distinguish *Harper* from cases that do not involve the imposition of postrelease control,"—and presumably trying to stave off similar attempts by parties to argue that *Henderson* is limited to the failure to include a life-tail on a sentence—the court announced: "Today, we make it clear that sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term." *Henderson* at ¶ 27. In other words, *Henderson* and *Harper* are generally applicable to sentencing errors and are not limited to the specific errors then before the court.

{¶ 13} We agree with Thomas that it was error for the trial court to impose a blanket term of community control for his multiple convictions. "[A] judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. This is true even where the trial court imposes community control. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 11. But given the bright-line rule enunciated by the Ohio Supreme Court in *Henderson*, and given that Thomas has not raised any challenges to the trial court's subject-matter or personal jurisdiction, we must agree with the state that the judgment here is merely voidable—not

7.

void.[9]  Because it is merely voidable, the doctrine of res judicata applies.  Thomas knew at the time of his sentencing that the trial court had imposed a lump-sum term of community control and could have raised this issue in the trial court or on direct appeal. He did not.  Res judicata bars him from doing so now.

{¶ 14} Accordingly, we find Thomas's assignment of error not well-taken.

### III.  Conclusion

{¶ 15} We find Thomas's sole assignment of error not well-taken.  Although the trial court erred when it imposed a single term of community control for multiple convictions, this error rendered Thomas's sentence voidable—not void.  Because his sentence was merely voidable, and because Thomas did not raise this error in the trial court or on direct appeal, res judicata bars him from raising it now.  We affirm the May 21, 2020 judgment of the Lucas County Court of Common Pleas.  Thomas is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

---

[9] Despite its decision in *Crenshaw,* 11th Dist. Lake No. 2018-L-121, 2019-Ohio-3840, earlier this year, the Eleventh District cited *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, for the proposition that any error in imposing a lump-sum community control sanction would render the sentence voidable, not void.  *DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 14.  *See also State v. Hedges,* 11th Dist. Lake No. 2019-L-135, 2020-Ohio-4528, ¶ 12, appeal not allowed, 160 Ohio St.3d 1509, 2020-Ohio-6835, 159 N.E.3d 1158 ("[F]ollowing the realigned principles concerning void/voidable errors in *Harper,* we find the imposition of a sentencing package to be a voidable error, and not void as Mr. Hedges argues.").

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                            JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.                          _____
CONCUR.                                                JUDGE


                                                    _____
                                                            JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.